SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DEREK R. HAVEL, Cal. Bar No. 193464
JONATHAN P. BARKER, Cal. Bar No. 233652
TIMOTHY T. KIM, Cal. Bar No. 314365
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
Email:      davel@sheppardmullin.com
            jbarker@sheppardmullin.com
            tkim@sheppardmullin.com

Attorneys for Defendant WHOLE FOODS
MARKET CALIFORNIA, INC.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| ADAM BROWN, | Case No. 2:17-CV-08051-AFM |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANT WHOLE FOODS MARKET CALIFORNIA, INC. TO PLAINTIFF'S COMPLAINT** |
| v. | |
| WHOLE FOODS MARKET CALIFORNIA, INC., and DOES 1 through 10, | |
| Defendants. | |

-1-

Defendant WHOLE FOODS MARKET CALIFORNIA, INC. (hereinafter "Defendant"), in answer to plaintiff ADAM BROWN's (hereinafter "Plaintiff") Complaint, admits, denies, and alleges as follows:

**Preliminary Allegations**

1.      As to paragraph 1, Defendant is not required to and does not admit or deny the allegations in this paragraph, which constitute a legal assertion or conclusion.

2.      As to paragraph 2, Defendant admits that the conduct alleged by Plaintiff is alleged to have occurred in the city of Santa Barbara, California. Defendant denies that it owns or operates any Whole Foods Market stores in Santa Barbara, California.  Defendant is not required to and does not admit or deny the remaining allegations in this paragraph, which constitute a legal assertion or conclusion.

3.      As to paragraph 3, Defendant has insufficient information upon which to admit or deny that Plaintiff is a resident of Ventura County.  Defendant denies that it employed Plaintiff.  Upon information and belief, Defendant asserts that Plaintiff was employed as a Prepared Foods Team Member at a Whole Foods Market Store in Santa Barbara, California.  On information and belief, Defendant denies that Plaintiff's job title was "food preparer." Except as specifically admitted, Defendant denies, generally and specifically, each and every remaining allegation in paragraph 3.

4.      As to paragraph 4, Defendant admits that it is a California Corporation.  Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in paragraph 4.

5.      As to paragraph 5, upon information and belief, Defendant admits that while working for a Whole Foods Market store, Plaintiff applied for a leave of absence pursuant to the Family and Medical Leave Act.  Defendant lacks sufficient information upon which to admit or deny that it was necessary for Plaintiff to have flat foot surgery, and on that basis denies that allegation. Defendant denies the remaining allegations of this paragraph.

6.      As to paragraph 6, Defendant denies the allegations of this paragraph.

7.      As to paragraph 7, Defendant lacks sufficient information upon which to admit or deny that Plaintiff was approved for surgery, and on that basis denies the allegations of this paragraph.

8.      As to paragraph 8, Defendant is informed and believes, and on that basis admits, that Plaintiff was terminated by his employer on or around August 7, 2017.  Defendant otherwise denies the allegations of this paragraph.

9.      As to paragraph 9, Defendant denies allegations of this paragraph.

10.      As to paragraph 10, Defendant is not required to and does not admit or deny the allegations in this paragraph, which constitute a legal assertion or conclusion.

11.      As to paragraph 11, Defendant is not required to and does not admit or deny the allegations in this paragraph, which constitute a legal assertion or conclusion.

ANSWER TO PLAINTIFF'S COMPLAINT

12.     As to paragraph 12, Defendant denies allegations of this paragraph.

13.     As to paragraph 13, Defendant denies allegations of this paragraph.

**Prayer**

Defendant denies that Plaintiff is entitled to the relief he seeks as set forth on Page 2 of the Complaint, or any relief whatsoever, either from Defendant or any other entity.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.     The Complaint fails to allege facts sufficient to constitute a cause of action.

SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.     The Complaint, and each purported cause of action alleged therein, is barred by applicable statute of limitations, including but not limited to 29 U.S.C. § 2617.

THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

3.     Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

-4-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOURTH AFFIRMATIVE DEFENSE

(Laches)

4.     Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each and every claim therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action.

FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

5.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims are barred for the reason that, by his actions, Plaintiff is estopped from bringing any cause of action.

SIXTH AFFIRMATIVE DEFENSE

(Waiver)

6.     Defendant is informed and believes, and based upon such information and belief alleges, that by his conduct, Plaintiff has waived any claim asserted in the Complaint.

SEVENTH AFFIRMATIVE DEFENSE

(Legitimate, Non-Discriminatory, and Non-Retaliatory Reason)

7.     Defendant denies that it engaged in the conduct attributed to it by Plaintiff.  However, if it is determined that the conduct alleged is legally attributable to Defendant, Plaintiff cannot recover because his employer's conduct was reasonably and properly based on legitimate business reasons and non-discriminatory and non-retaliatory factors.

SMRH:484839365.1                                                    ANSWER TO PLAINTIFF'S COMPLAINT

EIGHTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

8.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies.

NINTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Internal Remedies)

9.     Defendant is informed and believes, and based on such information and belief alleges, that the Complaint, and each and every purported cause of action therein, is barred because Plaintiff failed to exhaust the internal remedies provided by his employer to complain about the alleged unlawful conduct, if any.

TENTH AFFIRMATIVE DEFENSE

(Mixed Motive)

10.     Defendant denies that it retaliated against Plaintiff.  Assuming *arguendo* that Plaintiff proves that he was unlawfully retaliated against, and that Defendant can be held liable for such conduct, Defendant asserts that the same action would have been taken even absent the illegal ground.

ELEVENTH AFFIRMATIVE DEFENSE

(No Reasonable Diligence in Seeking Comparable Employment)

11.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff failed to use reasonable diligence in seeking comparable employment and is therefore barred from collecting back pay and benefits.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff's claims for relief are barred, or in the alternative, offset, by his failure to mitigate his damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Authorization, Ratification)

13.     Defendant did not authorize, direct or participate in any alleged conduct.  Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant did not aid, abet, counsel, or encourage the alleged acts.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

14.     Each and every cause of action or claim for relief in the Complaint is barred by Plaintiff's ratification of the representations, acts and/or omissions alleged in the Complaint to have caused Plaintiff's alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

15.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff is barred, in part or total, from recovery of any damages based upon the doctrine of after-acquired evidence.

1

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

2

<u>(Fault Of Plaintiff/Third Parties)</u>

3   16.   Defendant is informed and believes, and based upon such

4   information and belief, alleges any injury or damage allegedly suffered by Plaintiff

5   was caused or contributed to by the negligence, fault, bad faith, breach of contract or

6   other wrongful or tortious conduct of Plaintiff and/or persons or entities other than

7   Defendant, and such conduct offsets, eliminates or comparatively reduces the

8   liability, if any, of Defendant.

9

10

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

11

<u>(Not a Joint/Concurrent Employer)</u>

12   17.   Defendant was neither a joint nor a concurrent employer of

13   Plaintiff.  Therefore, Plaintiff is barred from asserting any cause of action and/or

14   seeking contribution/apportionment from Defendant.

15

16

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

17

<u>(Justified Reliance)</u>

18   18.   Each of the causes of action asserted in Plaintiff's Complaint,

19   and/or the damages arising from such causes of action, are barred by the doctrine of

20   justified reliance.

21

22

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

23

<u>(Reasonable and Good Faith)</u>

24   19.   At all times relevant, Defendant acted reasonably and in good

25   faith, with honesty and without any improper motive, purposes or means, and

26   without any hatred, ill will, malice, or intent to injure.

27

28

-8-

TWENTIETH AFFIRMATIVE DEFENSE

(Setoff)

20.     Some or all of the purported claims in the Complaint are subject to setoff, offset, and/or recoupment.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserves the right to amend the Answer to assert any such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing by the Complaint;

2.     That Defendant recover its costs of suit herein;

3.     That Defendant recover its reasonable attorneys' fees incurred herein; and

4.     That the Court award such further relief as it deems just and proper.

Dated:  December 5, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Jonathan P. Barker*
DEREK R. HAVEL
JONATHAN P. BARKER
TIMOTHY T. KIM
Attorneys for Defendant WHOLE FOODS
MARKET CALIFORNIA, INC.